IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-20079-JAR |
| LORENZO MANNING, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

On September 30, 2025, the Government filed an Indictment charging Defendant with one count of escape from custody, in violation of 18 U.S.C. § 751(a).[1] This matter is now before the Court on the Government's Motion in Limine (Doc. 24) and the Government's Motion for Order Permitting Admission of Intrinsic Evidence or Rule 404(b) (Doc. 25). The Court held a hearing on these motions on January 12, 2026, during which it heard oral argument and ruled orally on both. The Court memorializes its rulings on these motions below.

**I.     Government's Motion in Limine**

In this motion, the Government requested an order excluding (1) statements or evidence regarding the amount of time left to serve on Defendant's sentence with the Bureau of Prisons ("BOP") or the Grossman Residential Reentry Center ("Grossman"); (2) any inadmissible statements made by Defendant leading up to and during his escape in this case or his 2016 escape from custody case; and (3) any testimony or evidence of Defendant's past mental health history or cognitive abilities. As fully explained on the record at the hearing, the Court granted in part and denied in part the Government's motion as follows:

---

[1] Doc. 9.

- Defense Exhibit 801 ("Termination Report") is admitted in part and excluded in part. Exhibit 801 is admitted insofar as the totality of the "facility adjustment" and "release planning" boxes are redacted, leaving only the box on the top of page 1 and the signatures on the bottom of page 2. The Court takes under advisement the admissibility of the "resident released successfully" language.

- Government Exhibit 12 ("November 21, 2016, Change of Plea Transcript") (which is also Defense Exhibit 802) is admitted in part and excluded in part. The Court admits only page 1, and page 14, line 6 through page 17, line 17.

- Testimony of Mary Manning concerning Defendant's cognitive abilities is admissible; however, the Court excludes any testimony concerning Defendant's mental health. Defendant's cognitive ability is probative of knowledge and understanding. For example, testimony of cognitive ability may consist of reading capabilities and processing abilities. Testimony concerning Defendant's mental health is excluded as the Defense has not elected to pursue an insanity defense, nor challenged competency.

Finally, the parties are directed to meet and confer and jointly propose to the Court a draft jury instruction that instructs the jury that Defendant is competent to stand trial and the issue of insanity is not before them.

## II. Government's Rule 404(b) Motion

In this motion, the Government sought to introduce evidence relating to Defendant's 2016 Escape from Custody as admissible under two alternative theories: (1) intrinsic evidence and (2) Rule 404(b). As fully explained on the record at the hearing, the Court denied the Government's motion in part, finding the evidence is not intrinsic. The Court further granted in part and denied in part the Government's motion for admissibility under Rule 404(b) as follows:

- Government Exhibit 13 ("Attempted Robbery Guilty Plea Transcript") is excluded in its entirety.

- Government Exhibit 14 ("Attempted Robbery Sentencing Transcript") is admitted in part and excluded in part. The Court admits only page 1, and page 17, line 17 through page 18, line 12.

- Defendant's felon-in-possession conviction (Government Exhibit 15) is excluded.

- Testimony from Detective Robert Maser (Kansas City, Missouri Police Department) is limited to testimony detailing that Defendant was found and arrested in his Aunt's basement in Missouri on May 3, 2020. The Court excludes any testimony concerning the robbery investigation as predicating and or instigating this search and arrest. Any testimony characterizing Defendant as hiding in his Aunt's basement requires additional evidence before the Court can decide on the admissibility of this characterization.

- Evidence of Defendant's armed robbery conviction or plea to armed robbery is excluded, except for the portion of the sentencing transcript as detailed above.

- Defendant's judgment and conviction of his 2016 escape from custody case (Government Exhibit 16) is admitted in part and excluded in part. The Court admits only pages 1 and 2.

- The Court admits in part evidence of Defendant's transfer to and from Core Civic Correction Facility ("CCA"). The Court excludes all evidence other than the dates of Defendant's transfer to and from CCA, including that the reason for transfer was disciplinary in nature.

Finally, the Court directs the parties to jointly propose an *Old Chief* stipulation that addresses Defendant's felon-in-possession conviction at issue in the Government's excluded Exhibit 15. The Court also directs the parties to jointly propose a 404(b) limiting instruction on the evidence the Court has deemed admissible under 404(b).

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion in Limine (Doc. 24) is **granted in part and denied in part**, and the Government's Motion for Order Permitting Admission of Intrinsic Evidence or Rule 404(b) Evidence (Doc. 25) is **granted in part and denied in part**.

**IT IS SO ORDERED.**

Dated: January 13, 2026

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE